STATE of Iowa, Appellee,

v.

Susan Jean ZIESER, Appellant.

No. 91–534.

Supreme Court of Iowa.

Feb. 3, 1992.

As Amended March 13, 1992.

Linda Del Gallo, State Appellate Defender, and B. John Burns, Asst. State Appellate Defender, for appellant.

Bonnie J. Campbell, Atty. Gen., Julie Ann Halligan, Asst. Atty. Gen., Denver D. Dillard, County Atty., and Jerry Vander Sanden, Asst. County Atty., for appellee.

Considered by HARRIS, P.J., and LARSON, CARTER LAVORATO, and ANDREASEN, JJ.

PER CURIAM.

In 1989, Susan Zieser was convicted of forgery. She was given a suspended prison sentence and was placed on probation.

In 1991, the State filed an application to revoke Zieser's probation. The district court set Zieser's appearance bond at $10,-000 plus a thirty percent surcharge, for a total of $13,000. The district court imposed the surcharge pursuant to Iowa Code section 911.2 (1991). That statute, as amended effective April 1, 1991, provides in relevant part as follows:

When a court imposes a fine or forfeiture for a violation of a state law, or .of a city or county ordinance except an ordinance regulating the parking of motor vehicles, the court shall assess an additional penalty in the form of a surcharge equal to thirty percent of the fine or forfeiture imposed.

Zieser has appealed from the district court order setting her appearance bond at $13,000. She contends the district court erred by concluding that the thirty percent surcharge imposed by section 911.2 applies to an appearance bond. She argues an appearance bond is not a "fine or forfeiture" subject to a surcharge within the meaning of section 911.2.

We agree with Zieser's argument. Section 911.2 clearly authorizes a surcharge only on "a fine or forfeiture for a violation of a state law, or of a city or county ordinance...." That language cannot be stretched to include an appearance bond. The statute does not authorize a surcharge on an appearance bond.

On April 30, 1991, after the trial court entered the challenged order, this court entered a supervisory order adopting a uniform bond schedule proposed by the Iowa Judicial Council. The uniform schedule contemplates that a thirty percent augmentation may be included when bonds are initially set. However, this is not a surcharge under section 911.2, and the supervisory order does not authorize a surcharge under that statute. If the district court were permitted to impose a statutory surcharge on an appearance bond, it could impose a surcharge after setting the original bond at the augmented figure provided by the supervisory order. This would permit a double augmentation.

In the present case, the district court did not set the bond at $13,000 from the start, as permitted by the supervisory order. Instead, the district court clearly stated that it was setting a $10,000 bond and then imposing a thirty percent surcharge. No

such surcharge is authorized by section 911.2.

The district court erred by imposing a surcharge on Zieser's appearance bond. Therefore, the order setting the appearance bond is reversed, and the case is remanded for further proceedings consistent with this opinion.

REVERSED AND REMANDED.